UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NOLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:14-cv-00228-TWP-DML |
| | ) |
| LOWE'S HOME CENTERS, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANTS BILL OF COSTS**

On January 15, 2016, the Court granted Defendant, Lowe's Home Centers, Inc.'s ("Lowe's") Motion for Summary Judgment and entered final judgment. (Filing No. 51; Filing No. 52.) The matter is now before the Court on Lowe's Bill of Costs, pursuant to 29 U.S.C. § 1920.

Fed. R. Civ. P. 54(d) provides, in relevant part, that "costs-other than attorney's fees-should be allowed to the prevailing party". Because the strong presumption in favor of awarding costs to the prevailing party is difficult to overcome, the Court's discretion to deny awarding costs is narrowly confined. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). Generally, only misconduct by the prevailing party or the losing party's inability to pay will suffice to justify denying costs under 28 U.S.C. § 1920. *Id*. Further, it is the losing party's burden to demonstrate that the taxed costs are inappropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

Lowe's is a prevailing party because the Court granted summary judgment in regards to Mr. Noland's claims. As a result, Lowe's properly seeks costs in the amount of $4,452.60 for transcript and copying costs. Both of these categories of costs are permissible under 28 U.S.C. §

1920. Noting that Mr. Noland did not object to the amounts requested, the Court concludes that $4,452.80 for costs is reasonable.

In response, Mr. Noland asks the Court to deny the request because he cannot afford to pay the costs. Although there is a strong presumption in favor of awarding costs to a prevailing party, the presumption may be overcome by a showing of indigence by the losing party. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). In this regard, the losing party must provide specific evidence of indigency. *McGill*, 18 F.3d at 459; *Denson v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *1-2 (N.D. Ill. June 27, 2003). Further, costs should not be waived merely because the losing party has low income of limited financial resources. *Sanglap*, 194 F. Supp. 2d at 801. *Corder v. Lucent Techs., Inc.*, 162 F.3d 924, 929 (7th Cir. 1998); *Rivera v. City of Chi.,* 469 F.3d 631, 635 (7th Cir. 2006) (noting that "indigence is not a blanket excuse for paying costs" but a "narrow exception" that requires a court to make a factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future"). Further, it is not enough that the losing party cannot presently pay the costs. *McGill*, 18 F.3d at 459. Instead, the losing party must also show that he is unable to pay the costs in the future. *Id.*; *Denson*, 2003 WL 21506946, at *1-2.

In an effort to establish indigency, Mr. Noland asserts that he earns $13.80 per hour, his bi-weekly net income is only $687.04 and his monthly expenses are $1,266.00. He also explains that his wife is disabled and unable to work. Mr. Noland submitted his 2015 W2 form, which establishes an annual gross income of $23,742.92. In their reply, Lowe's tendered an excerpt of the Declaration of Defendant's wife, Marianne Noland and the couples income tax returns for 2012 and 2011. Ms. Noland is indeed disabled. However, Lowes argues that Mr. Noland failed disclose that his wife received a taxable pension of $5,181.00 and social security benefits that in 2012 were

about $9,984.00 (Filing No. 55-2 at 1). Although this additional income is properly included when considering indigency, noting the age of the return, it offers little in determining whether Mr. Noland is presently considered indigent. *See also Sanglap*, 194 F. Supp. 2d at 801 ("actual indigency, not merely limited financial resources, must be demonstrated").

Further, even if Mr. Noland has demonstrated present indigency, he has not demonstrated that he is unable to pay the costs in the future. *See Rivera*, 469 F.3d at 636-37 (concluding that an employed litigant had not proven future indigency); *Denson*, 2003 WL 21506946, at *1-2 (concluding that an unemployed litigant had proven present but not future indigency). Additionally, in an attempt to mitigate "undue hardship" Lowe's indicates that it is willing to spread payments out over several months, and discuss a mutually agreeable payment plan with Mr. Noland.

Mr. Noland has not overcome the strong presumption in favor of awarding costs to the prevailing party. Consequently, the Court **GRANTS** Lowe's' bill of costs. (Filing No. 53.) Accordingly, the Clerk is **DIRECTED** to tax costs against Mr. Noland in the amount of **$4,452.60**.

**SO ORDERED.**

Date: 06/06/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kathleen M. Anderson
BARNES & THORNBURG
kathleen.anderson@btlaw.com

David J. Pryzbylski
BARNES & THORNBURG LLP
dpryzbylski@btlaw.com

3

Peter Abernethy Morse, Jr
BARNES & THORNBURG LLP
pmorse@btlaw.com

Joel S. Paul
LAW OFFICES OF SWARAY CONTEH
lawjoel@hotmail.com